# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60304
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

ARVINDER SINGH,

Petitioner

v.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 972 604

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Arvinder Singh, a native and citizen of India, petitions for review of the denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Singh admitted he is removable for attempting to enter the United States by using a false identification document, but he contends that, if he is removed to India, he will face persecution and torture because he is a Sikh who supports a Sikh political party known as the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60304

Shiromani Akali Dal Mann (SADM), sometimes called Shiromani Akali Dal Amritsar.  The immigration judge (IJ) found that Singh had experienced past persecution on account of his support for the SADM.  But the IJ also found that the Department of Homeland Security (DHS) had presented documentary evidence showing that Singh could avoid future persecution or torture by easily relocating "within India to another part of his state or to any of the other 27 states in the country" and that it would be reasonable  for him to do so.  The IJ specifically mentioned Sikh communities in West Bengal, Karnataka, Bihar, Haryana, and Bombay (Mumbai).

We review the IJ's decision because the BIA affirmed that decision without an opinion.  *See Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). The IJ's legal conclusions are reviewed de novo.  *See id.*  We apply "the substantial evidence standard to review the IJ's factual conclusion that an alien is not eligible for asylum, withholding of removal, and relief under the Convention Against Torture." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (citations omitted).  Under that standard, we will reverse the IJ's decision if Singh demonstrates that the evidence not merely supports his position but compels a decision in his favor. *Id.*; *see Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 446 (5th Cir. 2001).

We reject Singh's contentions that the IJ misapplied the analysis for determining whether relocation within India was both possible and reasonable.  We also reject his contention that the IJ expected him to forfeit or suppress his political views in order to relocate safely.  There was substantial documentary evidence to show that Sikhs and SADM supporters may safely and reasonably locate to almost any place within India.

As the IJ explained, relocation inside India is generally unrestricted; persons who relocate are not required to register with local police; and Sikhs

are typically not pursued by Punjabi police unless they are suspected of terrorism or violence or are on a list of habitual criminal offenders.  The IJ also explained that relocating would be reasonable because Singh could connect with Sikh communities outside of the Punjab, and any language barrier would not be significant, given that Singh previously admitted that he speaks Hindi, which is widely used in India.

Singh is not entitled to asylum because he fails to show that the evidence compels a finding that he has a "well-founded fear" of persecution. *See Sharma v. Holder*, 729 F.3d 407, 411-13 (5th Cir. 2013).  Accordingly, he cannot make the more difficult showing of an objective "clear probability" that he will be persecuted, as is required for withholding of removal.  *See Majd*, 446 F.3d at 595.

Singh contends that the IJ applied the incorrect standard concerning CAT relief by requiring a likelihood of torture by the Indian national government "as an entity."  The IJ recognized and applied the correct inquiry, which is whether the national government would turn a blind eye to torture committed by other persons acting in an official capacity.  *See Chen v. Gonzales*, 470 F.3d 1131, 1141 (5th Cir. 2006).  Moreover, Singh can avoid the likelihood of torture, as well as persecution, by relocating within India.  *See Majd*, 446 F.3d at 595-96.

Singh has failed to show that the evidence compels a ruling in his favor concerning asylum, withholding of removal, or relief under the CAT.  *See Zhang*, 432 F.3d at 344.  His petition for review is therefore DENIED.